**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EAGLE'S NEST CONDOMINIUM**
**ASSOCIATION, INC., A/K/A**
**EAGLE NEST CONDOMINIUM ASSOC.**

**V.** **C.A.NO: 04-436ML**

**NEW LONDON COUNTY MUTUAL**
**INSURANCE COMPANY, NLC INSURANCE**
**COMPANIES, INC., DOES I THROUGH V**
**AND NLC INSURANCE COMPANIES,**
**ALIAS JOHN DOE COMPANY**

**DEFENDANTS' MOTION TO SEVER & STAY COUNTS III, VI, IX AND XXII OF PLAINTIFF'S COMPLAINT**
[Fed.R.Civ.P. 42(b)]

Now come the Defendants in the above-captioned action, New London County Mutual Insurance Company, NCL Insurance Companies, Inc. and NLC Insurance Companies (hereinafter "NLC"), pursuant to Fed. R. Civ. P. 42(b), requests that this Honorable Court sever and stay the Plaintiff's "bad-faith" claims against the Defendant as set forth in Counts III, VI, IX, and XXII of its Complaint.

As grounds thereof, the Defendant states that "since the burden of proof on a bad-faith claim is so formidable... it is inherently prejudicial for a trial justice to decline to sever that claim from a breach-of-contract claim. Corrente v. Fitchburg Mutual Fire Insurance Co., 557 A.2d 859 (R.I. 1989) (severance of the bad faith claim from the Plaintiff's breach of contract claim is mandatory.)

WHEREFORE, the Defendants request that this Honorable Court grant its motion to sever and stay Counts III, VI, IX, and XXII of Plaintiff's Complaint, and grant such further relief as may be deemed necessary by the Court.

Defendants,
By their attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

Dated:

## CERTIFICATION

I hereby certify that I mailed a true copy of the within to **Steven Orabone,** Esquire, 20 Ridgevale Court, Cranston, RI 02921 on the 6 day of July, 2005.

-8 11: 52
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EAGLE'S NEST CONDOMINIUM ASSOCIATION, INC., A/K/A EAGLE NEST CONDOMINIUM ASSOC.**

**V.** **C.A.NO: 04-436ML**

**NEW LONDON COUNTY MUTUAL INSURANCE COMPANY, NLC INSURANCE COMPANIES, INC., DOES I THROUGH V AND NLC INSURANCE COMPANIES, ALIAS JOHN DOE COMPANY**

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEVER & STAY COUNTS III, VI, IX AND XXII OF PLAINTIFF'S COMPLAINT**
[Fed.R.Civ.P. 42(b)]

I. Background

This matter involves a dispute over insurance coverage for the reported failure of numerous floor trusses at the Eagle's Nest Condominium complex. There are approximately 120 condominium units at Eagle's Nest which were reportedly constructed some time between 1977 and 1980. The Defendants, (collectively NLC) insured Eagle's Nest Condominium beginning in December of 2000.

According to Eagle's Nest Condominium Association's public adjuster, Richard Aube, the date of the loss is July 2002. However, NLC did not receive notice of this loss until March 15, 2005. At that time approximately 15 units had already been repaired. Eagle's Nest retained Hardpine, Inc., a truss manufacturing company to assess the trusses. Hardpine reported, "based on field observations and structural calculations, the above-mentioned trusses do not meet the minimum design criteria code

and might collapse under normal loads". The policies at issue do not provide collapse coverage due to defective materials for methods in construction if the collapse occurs after construction unless it is caused in part by certain specified causes which are not alleged to have occurred here.

During the course of its investigation, NLC requested certain information that would assist them in determining when the loss occurred and the circumstances surrounding the loss. Rather than respond to this request, Eagle's Nest served NLC with the instant complaint which it had filed approximately 105 days after it put NLC on notice of this loss, and before any decision was made as to insurance coverage.

Consistent with Rhode Island Supreme Court precedent, defendants respectfully request that this Honorable Court sever and stay the bad faith action. Bartlett v. John Hancock Mutual Life Ins. Co., 538 A.2d 997 (R.I. 1988); Corrente v. Fitchburg Mutual Fire Ins. Co., 557 A.2d 859 (R.I. 1989). As the Rhode Island Supreme Court reasoned in Corrente, supra:

> [S]ince the burden of proof on a bad faith claim is so formidable, we are of the opinion that whether or not a discovery issue is involved, it is inherently prejudicial for a trial justice to decline to sever that claim from a breach of contract claim. In essence, unless the trial justice finds that the plaintiff is entitled to recover on the breach of contract claim as a matter of law, there is no question for the jury on the bad faith claim. Consequently, the trial justice erred in denying the motion to sever. We wish to make it very clear that issues of judicial economy do not warrant the trial of two such claims together.
>
> A finding favorable to defendants on coverage would entitle them to a judgment with respect to any bad faith claims. Gleeson v. Merchant's Mutual Ins. Co., 589 F. Supp. 1474, 1477 (D.R.I. 1984) where this court previously held that the insurer had no

> legal obligation under the policy to honor or to pay the proffered claim, then its corporate behavior in denying them - no matter how rude or unseemly - could scarcely be a predicate for the causes of action in this complaint. Indeed, Rhode Island Courts have gone further indicating that if a claim is fairly debatable, no liability and tort for bad faith will arise. (Citations omitted) Id.

More recently, the Rhode Island Supreme Court, in Skaling v. Aetna, 799 A.2d 997 (R.I. 2002) held:

[B]ad faith is established when the proof demonstrates that the insurer denied coverage or refused payment without a reasonable basis in factual law for the denial. **We deem this rule to be of particular significance in this jurisdiction because claims of insurer bad faith are severed and tried separately from the breach of insurance contract claim, a procedure that provides the insurer with significant procedural protections, including non-disclosure of its file until the completion of the breach of contract action.** Skaling, supra, at 1010. (Emphasis Supplied)

Conclusion

For the foregoing reasons, the Defendants respectfully submit that their motion to sever and stay be granted.

Defendants,
By their attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to **Steven Orabone, Esquire**, 20 Ridgevale Court, Cranston, RI 02921 on the 6 day of July, 2005.