UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EAGLE'S NEST CONDOMINIUM ASSOCIATION, INC., ALSO KNOWN AS EAGLE NEST CONDOMINIUM ASSOC

Plaintiff,

vs. ) Civil Action, File No.: 04-436ML

NEW LONDON COUNTY MUTUAL INSURANCE COMPANY, NLC INSURANCE COMPANIES, INC., DOES I THROUGH V, AND NLC INSURANCE COMPANIES, ALIAS JOHN DOE COMPANY

Defendants

**AFFIDAVIT OF RICHARD AUBE**

I, Richard Aube, being first duly sworn under penalties of perjury, on oath depose and say as follows:

(1) I am a public insurance adjuster licensed as such by the State of Rhode Island.

(2) I have 26 years of professional experience in the field of insurance claims;

(3) My work as an insurance adjuster regularly requires that I read and interpret insurance policies.

(4) In the latter part of February, 2004 the Eagles Nest Condominium Association Board of Directors informed me of the problem Eagles Nest Condominiums was experiencing with their floor trusses, and asked me to read their New London

Plaintiff's Exhibit 4

County Mutual Insurance Company (hereinafter referred to as "NLC") commercial package insurance policy.

(5) After considering the facts and documents provided to me concerning the Eagle's Nests floor truss problem and after reviewing the NLC policy, I concluded that the NLC policy provides coverage for Eagle's Nest's loss arising from the floor truss problem.

(6) In March of 2004, James Heaney of R.J. Margetta Adjustment contacted me concerning the Eagle's Nest loss, and we agreed to a March 25, 2004 appointment for him to inspect Eagle's Nest condominiums on behalf of NLC. Mr. Heaney conducted this inspection in my presence. He inspected one unit (#24A) that day. At that time, I provided certain materials to NLC (through Mr. Heaney) in support of Eagle's Nest's loss.

(7) On April 5, 2004, I forwarded a package of additional materials to NLC (through Mr. Heaney) concerning Eagle's Nest's loss. I accompanied that package with a letter to Mr. Heaney in which I outlined Eagle's Nest's claim. A true and exact copy of that letter is attached as Exhibit 1.

(8) On April 20, 2004, in order to keep NLC up to date concerning our progress on the repairs, I sent Mr. Heaney a letter notifying him, per our previous conversations, that Unit 7B had been completed (and I accompanied that letter with a copy of Eagle's Nest's Engineer's floor truss repair certification). A true and exact copy of that letter and its attachment are attached hereto as Exhibit 2;

(9) Mr. Heaney again came to Eagles Nest to conduct an inspection in May of 2004. On this occasion, David Grandpre (an engineer acting on NLC's behalf) and Mr. Heaney inspected 2 additional condominium units. This was the only time Mr. Grandpre came to Eagle's Nest to inspect any of the condominium units.

(10) On May 19, 2004, in order to keep NLC up to date concerning our progress on the repairs, I sent Mr. Heaney a letter notifying him that repairs to Unit 17A (one of the Unit that Mr. Heaney and Mr. Grandpre had inspected) would be continuing, and noting that should they require additional access to that unit to please contact me immediately. A true and exact copy of that letter is attached hereto as Exhibit 3;

(11) After the inspection that Mr. Grandpre performed (in May 2004), while Mr. Grandpre was still at Eagle's Nest Condominiums, Mr. Grandpre verbally indicated to me that he would probably concur with Eagle's Nest's engineer. He indicated that this was because they were both looking at the same thing. This is noted in my letter of June 3, 2004 to James Heaney. With that June 3, 2004 letter to Mr. Heaney, I forward a further package of materials to NLC (through Mr. Heaney) concerning Eagle's Nest's loss. A true and exact copy of that letter is attached hereto as Exhibit 4.

(12) Eagles Nest Condominium Complex consists of 120 units distributed over 48 detached and separate buildings. In all, Eagles Nest will be performing 106 repairs. The reason there will not be 120 repairs is because each quadplex repair applies to 2 units.

(13) To the present NLC's engineer has inspected 2 units, and NLC's adjuster has inspected 3 units (2 of which are the same ones NLC's engineer inspected).

(14) On July 1, 2004 I faxed a letter to Mr. Heaney, advising him that work had begun on another of the Eagle's Nest condominium units, that 3 broken trusses were found, and asking if he would like to view the trusses prior to repair and installation of the ceiling. A true and exact copy of that letter is attached as Exhibit 5. In response to this letter, Mr. Heaney contacted me and informed me that he was not coming out to see every unit.

(15) On approximately August 12, 2004 NLC, through their attorney sent me a letter requesting materials from Eagle's Nest. At the time NLC made this request, I had already forwarded to NLC (through Mr. Heaney) a large amount of documentation relating to Eagle's Nest's claim. These included copies of the following significant items:

(a) The contents of the file of Eagle's Nest's structural engineer (Steven Bogle, P.E. of Geisser Engineering Corporation);

(b) A table itemizing the structural repair expense for each repaired unit for 2002 and 2003

(c) Check vouchers related to the repairs;

(d) Repair contracts;

(e) Correspondence with the repair contractor

(f) The condominium association's management company's work orders related to floor truss repairs

(g) Checks paid for expenses related to the units' repairs

(h) Invoices related to the repairs;

(i) Invoices from Eagle's Nest's structural engineer;

(j) Photographs related to the loss;

(k) The Warwick Building Inspector's Notice of Violation;

(16) In September 2004, I informed NLC's attorney that Eagle's Nest was attempting to assemble the materials NLC's Attorney requested, but that due to limited resources it may take some time to gather those materials. NLC's attorney acknowledged this in a letter to me dated September 15, 2004. Attached Exhibit 6 is a true and exact copy of that letter.

**Richard Aube**

State of Rhode Island
County of Kent

Subscribed and sworn to, under the penalties of perjury, before me in Warwick, Rhode Island, on this 27th day of February 2006.

Notary Public
My commission expires: 10-02-2006

RICHARD F. AUBE
LOSS CONSULTANT/ADJUSTER

PO Box 1273
West Warwick, RI 02893

Telephone 401-827-0459
Fax 401-827-5023

April 5, 2004

James Heaney
R.J. Margetta Adjustment
82 Granite Street
Fall River, MA 02720

RE:

| | |
|---|---|
| Your File: | M04-18383-COL |
| Co Claim: | B41979 |
| Policy: | ORC34922-1 |
| Insured: | Eagle Nest Condominium Association<br>Eagle Run<br>Warwick, RI |

Dear Mr. Heaney:

Enclosed please find additional information regarding the cause and origin of the above captioned subject.

As you are aware, the Eagle Nest Condominium Association has sustained significant damage as the result of collapse. The enclosed reports and findings conclude that the trusses used in construction were defective.

This fact is backed up by two structural experts, Geisser Engineering of Riverside, RI and Hardpine Inc. of Fall River, MA.

Hardpine conducted load tests on the trusses. They found that the trusses were defective and "failed to sustain the minimum loads stipulated by code." They continue with a final statement of: "Immediate repair or replacement is strongly recommended."

We are also enclosing certifications from Geisser regarding previously performed repairs to the units. It had been agreed upon that in order to prevent condemnation from the City of Warwick's Building Inspector, Geisser would inspect and certify that the repairs to the units were done properly.

Exhibit 1

A schedule of those repairs has been previously forwarded to your attention. Additional photographic evidence is also enclosed, demonstrating the severity of the collapsed trusses and the details of subsequent repairs.

I again refer to the insuring contract. Coverage is clearly provided under the Additional Coverage -Collapse when defective material or method in construction contributes to the collapse if the collapse occurs after construction is completed.

Due to the gravity of the situation, the insured must continue with repairs to the units in order to avoid catastrophic damage or injury. This action is prudent and in no way prejudices New London County Mutual as the units are available for inspection at your convenience.

I urge you to move forward with the settlement of this claim as soon as possible.

Thank you for your attention to this matter.

Sincerely,

Richard F. Aube

Encl. Engineering Report

RICHARD F. AUBE
LOSS CONSULTANT/ADJUSTER

PO Box 1273
West Warwick, RI 02893

Telephone 401-827-0459
Fax 401-827-5023

April 20, 2004

James Heaney
R.J. Margetta Adjustment
82 Granite Street
Fall River, MA 02720

RE:

| | |
|---|---|
| Your File: | M04-18383-COL |
| Co Claim: | B41979 |
| Policy: | ORC34922-1 |
| Insured: | Eagle Nest Condominium Association<br>Eagle Run<br>Warwick, RI |

Dear Mr. Heaney:

Enclosed please find the certifications for unit 7B of the Eagle Nest Condominium Association which has been repaired as per our previous conversations and correspondence.

As instructed, both the Association and the Warwick Building Inspector are notified following Mr. Bogle's inspection and approval.

Please contact this office at your earliest convenience regarding the status of this claim.

Sincerely,

Richard F. Aube
Adjuster

Exhibit 2

GEORGE J. GEISSER, JR., P.E.
GEORGE J. GEISSER, III, P.E.
NORMAN R. PAQUETTE, P.E.
1921-1985

**Geisser Engineering Corporation**
Consulting Engineers

227 Wampanoag Trail
Riverside, R.I. 02915
(401) 438-7711
Fax # (401) 438-0281

April 5, 2004

Roberta McMahon
Eagle's Nest Condominium Association
Unit 10A Eagle Run
Warwick, RI 02818

**RE: Eagle's Nest Condominiums**
**Units 7B**
**Geisser Job#: R-395L**

Dear Roberta:

We are sending you this letter, as certification that our office has reviewed, the before and after photographs of repairs, for Unit 7B. After reviewing the photographs, it is the opinion of this office that the repairs were performed in accordance with the repairs and specifications, developed by our office, for this project.

If you have any questions, or should you require any additional information, please do not hesitate to contact our office.

Sincerely,
Geisser Engineering Corporation

Steven A. Bogle, P.E.
Senior Project Engineer

*SAB*
*CC: John Pagliaro, Marcel Dutwin*
*S:\My Documents\Steve's Documents\General\R-395L.doc*

RICHARD F. AUBE
LOSS CONSULTANT/ADJUSTER

PO Box 1273
West Warwick, RI 02893

Telephone 401-827-0459
Fax 401-827-5023

May 19, 2004

James Heaney
R.J. Margetta Adjustment
82 Granite Street
Fall River, MA 02720

RE:

| | |
|---|---|
| Your File: | M04-18383-COL |
| Co Claim: | B41979 |
| Policy: | ORC34922-1 |
| Insured: | Eagle Nest Condominium Association<br>Eagle Run<br>Warwick, RI |

Dear Mr. Heaney:

Please be advised that the repairs for unit 17A at the Eagle Nest Condominium Complex will be continuing. Should either you or the engineer need additional access to this unit please contact me immediately.

Thank you for your attention to this matter.

Sincerely,

Richard F. Aube
Adjuster

Exhibit 3

RICHARD F. AUBE
LOSS CONSULTANT/ADJUSTER

PO Box 1273
West Warwick, RI 02893

Telephone 401-827-0459
Fax 401-827-5023

June 3, 2004

James Heaney
R.J. Margetta Adjustment
82 Granite Street
Fall River, MA 02720

RE:

| | |
|---|---|
| Your File: | M04-18383-COL |
| Co Claim: | B41979 |
| Policy: | ORC34922-1 |
| Insured: | Eagle Nest Condominium Association<br>Eagle Run<br>Warwick, RI |

Dear Mr. Heaney:

As you are aware, this office represents the Eagle Nest Condominium Association for damages sustained as the result of collapse.

Enclosed please find supporting documentation for completed repairs to the Eagle Nest Condominium Complex. The documentation does not include unit 7B, which was the last unit completed nor does it contain charges for the work in progress at unit 17A. As you know, these repairs have been necessary and ongoing to prevent catastrophic damage and/ or injury to both building and occupants.

The facts of the loss are as follows:

- The Eagle Nest Condominium Complex discovered damage to floor trusses in July of 2002.
- New London County Mutual insured the complex at this time.
- Notification of the loss was provided to the broker.
- New London County Mutual has not been prejudiced in any way as the result of completed repairs or delays in adjustment as the scope of repair has not changed.

Exhibit 4

- The City of Warwick's Building Inspector has declared the building unsafe and threatened to condemn said Complex if repairs were not commenced.

- Geisser Engineering has documented damage and repairs, sighting complete structural failure.

- HardPine Inc. tested the trusses and found that they were defective.

- The policy of insurance provides coverage for collapse even when defective material or methods used in construction contributes to the loss.

- The courts have ruled that collapse coverage also must include impending collapse, when structural failure occurs, recognizing the insured's duty to mitigate additional damages.

David Grandpre of C.A Pretzer Associates inspected the damage in unit 17A as did you. The structural failure was evident in at least six cracked floor trusses as well as one that was cut intentionally during construction. In speaking with Mr. Grandpre, he stated that he "would probably concur" with our engineer, Geisser Engineering, since they were looking at the same thing. In speaking with the occupant of unit 19A, Mr. Grandpre recommended that the repairs to the units continue.

In no way can any witness to this damage declare that this is a safe situation. It can not be declared safe because of the structural failure and the structural failure amounts to collapse.

The insured has attempted to provide a safe environment to the owners and occupants of the Complex. They can not, however, keep up the pace of repairs and stay ahead of the increasing deflections in the floors. The rate of deflection is increasing in some units and it is obvious that a catastrophic occurrence will happen if financial relief is not obtained.

It is with this in mind that I request an advance of $250,000.00 so that repairs can continue and final loss figures can be calculated and submitted.

Please consider this request of the utmost urgency.

Sincerely,

Richard F. Aube
Adjuster

# EAGLES NEST UNIT STRUCTURAL REPAIR EXPENSE
## FOR 2002 & 2003

| | 15A | 15B | 22A | 22B | 34A | 34B | 40A | 40B |
|---|---|---|---|---|---|---|---|---|
| ACC CONST | $ 14,580.00 | $ 14,580.00 | $ 14,580.00 | $ 12,440.00 | $ 14,580.00 | $ 14,580.00 | $ 14,580.00 | $ 14,580.00 |
| ACC HVAC | | | | | $ 725.00 | | $ 725.00 | $ 725.00 |
| ACC OTHER | $ 1,652.62 | $ 1,000.00 | | | | | | |
| TOT ACC | $ 16,232.62 | $ 15,580.00 | $ 14,580.00 | $ 12,440.00 | $ 15,305.00 | $ 14,580.00 | $ 15,305.00 | $ 15,305.00 |
| MOVE OUT | $ 698.00 | $ 678.00 | $ 410.00 | $ 626.00 | $ 602.00 | $ 386.00 | $ 362.00 | $ - |
| MOVE IN | $ 360.00 | $ 576.00 | $ 340.00 | $ 336.00 | $ 576.00 | $ 240.00 | $ 336.00 | $ - |
| STORAGE | $ 270.00 | $ 215.00 | $ 125.00 | $ 90.00 | $ 120.00 | $ 75.00 | $ 75.00 | $ - |
| MATERIALS | $ 384.60 | $ 305.30 | $ 72.60 | $ 304.00 | $ - | $ - | $ 111.80 | $ - |
| TOT MOVE | $ 1,712.60 | $ 1,774.30 | $ 947.60 | $ 1,356.00 | $ 1,298.00 | $ 701.00 | $ 884.80 | $ - |
| PERINNO LABOR | $ 480.22 | $ 788.81 | $ 388.47 | $ 403.12 | $ 371.10 | $ 164.23 | $ 327.38 | $ 42.10 |
| TOTAL COST | $ 18,425.44 | $ 18,143.11 | $ 15,916.07 | $ 14,199.12 | $ 16,974.10 | $ 15,445.23 | $ 16,517.18 | $ 15,347.10 |

| | 39A | 39B | 45A | 45B | 38C | 38D | 15C | TOTAL |
|---|---|---|---|---|---|---|---|---|
| ACC CONST | $ 13,080.00 | $ 14,580.00 | $ 15,080.00 | $ 15,030.00 | $ 23,860.00 | $ 24,100.00 | $ - | $ 220,230.00 |
| ACC HVAC | | | | $ 850.00 | | $ 920.00 | | $ 3,945.00 |
| ACC OTHER | | | | | | | $ 220.33 | $ 2,872.95 |
| TOT ACC | $ 13,080.00 | $ 14,580.00 | $ 15,080.00 | $ 15,880.00 | $ 23,860.00 | $ 25,020.00 | $ 220.33 | $ 227,047.95 |
| MOVE OUT | $ 242.00 | $ 314.00 | $ 338.00 | $ 314.00 | $ 314.00 | $ 386.00 | | $ 5,670.00 |
| MOVE IN | $ 136.00 | $ 288.00 | $ 288.00 | $ 264.00 | $ 264.00 | $ 312.00 | | $ 4,316.00 |
| STORAGE | $ 50.00 | $ 75.00 | $ 50.00 | $ 75.00 | $ 127.25 | $ 93.75 | | $ 1,441.00 |
| MATERIALS | $ - | $ 7.10 | $ 10.00 | $ - | $ 13.90 | $ - | | $ 1,209.30 |
| TOT MOVE | $ 428.00 | $ 684.10 | $ 686.00 | $ 653.00 | $ 719.15 | $ 791.75 | | $ 12,636.30 |
| | | | | | | | | $ - |
| PERINNO LABOR | $ 182.10 | $ 98.66 | $ 168.11 | $ 171.31 | $ 49.66 | $ 123.25 | | $ 3,758.52 |
| TOTAL COST | $ 13,690.10 | $ 15,362.76 | $ 15,934.11 | $ 16,704.31 | $ 24,628.81 | $ 25,935.00 | $ 220.33 | $ 243,442.77 |

RICHARD F. AUBE
LOSS CONSULTANT/ADJUSTER

PO Box 1273
West Warwick, RI 02893

Telephone 401-827-0459
Fax 401-827-5023

July 1, 2004

James Heaney
R.J. Margetta Adjustment
82 Granite Street
Fall River, MA 02720

RE:

| | |
|---|---|
| Your File: | M04-18383-COL |
| Co Claim: | B41979 |
| Policy: | ORC34922-1 |
| Insured: | Eagle Nest Condominium Association<br>Eagle Run<br>Warwick, RI |

Dear Mr. Heaney:

Please be advised that repairs to another unit have begun.

There are three broken trusses in the living room. Please contact me as soon as possible at 401-258-1985 to advise if you would like to view the trusses prior to repair and installation of the ceiling.

I have photographed the damage and will forward them if you wish.

Exhibit 5

SMITH & BRINK, P.C.
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
ONE STATE STREET
SUITE 400
PROVIDENCE, RI 02908
TELEPHONE: (401) 351-9970
FAX: (401) 274-6218
www.SmithBrink.com

Ronald Langlois* ♦
rlanglois@smithbrink.com

* Admitted in Rhode Island
♦ Admitted in Massachusetts

QUINCY OFFICE
122 QUINCY SHORE DRIVE
SECOND FLOOR
QUINCY, MA 02171
TELEPHONE: (617) 770-2214
FAX: (617) 774-1714

DANVERS OFFICE
99 ROSEWOOD DRIVE
UNIT 240
DANVERS, MA 01923
TELEPHONE: (978) 646-9114
FAX: (978) 646-9264

SPRINGFIELD OFFICE
191 CHESTNUT STREET
SUITE 5D
SPRINGFIELD, MA 01103
TELEPHONE: (413) 746-8122
FAX: (413) 781-6290

September 15, 2004

Richard Aube
P.O. Box 1273
West Warwick, RI 02893

Re: Insured: Eagle's Nest Condominium
Claim No: B41979
Date of Loss: 7/02

Dear Mr. Aube:

This letter is to confirm our conversation of Tuesday, September 14, 2004, wherein you advised me that the client is making an attempt to assemble the materials previously requested. Due to the limited resources, it may take some time to gather these materials.

Thank you for your cooperation and consideration.

Very truly yours,

Ronald Langlois

RL/dap

cc : Trudy O'Conner

Exhibit 6