**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EAGLE'S NEST CONDOMINIUM**
**ASSOCIATION, INC., A/K/A**
**EAGLE NEST CONDOMINIUM ASSOC.**

**V.** **C.A.NO: 04-436ML**

**NEW LONDON COUNTY MUTUAL**
**INSURANCE COMPANY, NLC INSURANCE**
**COMPANIES, INC., DOES I THROUGH V**
**AND NLC INSURANCE COMPANIES,**
**ALIAS JOHN DOE COMPANY**

**DEFENDANT'S MOTION TO STRIKE THE AFFIDAVIT OF PLAINTIFF'S EXPERT, RICHARD AUBE**

Now comes the Defendant, New London County Mutual Insurance Company (hereinafter "NLC)" and respectfully requests that this Court grant its Motion to Strike the Affidavit of Plaintiff's Expert, Richard Aube. Mr. Aube, the Plaintiff's proposed "expert", states in his Affidavit attached to Plaintiff's opposition to Defendant's Motion for Summary Judgment that, "…I concluded that the NLC policy provides coverage for Eagle's Nest's loss arising from the floor truss problem."

As grounds, the Defendant states that the Plaintiff never identified Richard Aube as an expert in this matter. The Defendant states that it has not been provided with any documentation evidencing that Mr. Aube is qualified to act as an "expert" in this matter.

As further grounds, the Defendant further relies on its Memorandum attached hereto.

Defendant, NLC
By its attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to **Steven Orabone,** Esquire, 20 Ridgevale Court, Cranston, RI 02921 on the 13 day of March, 2006.

Dana Palangio

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EAGLE'S NEST CONDOMINIUM**
**ASSOCIATION, INC., A/K/A**
**EAGLE NEST CONDOMINIUM ASSOC.**

**V.** **C.A.NO: 04-436ML**

**NEW LONDON COUNTY MUTUAL**
**INSURANCE COMPANY, NLC INSURANCE**
**COMPANIES, INC., DOES I THROUGH V**
**AND NLC INSURANCE COMPANIES,**
**ALIAS JOHN DOE COMPANY**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE AFFIDAVIT OF PLAINTIFF'S EXPERT, RICHARD AUBE**

I. Background

On January 31, 2006, the Defendant, New London County Mutual Insurance Company (hereinafter "NLC), filed a Motion for Summary Judgment. On February 28, 2006, defense counsel received Plaintiff's opposition memoranda along with Affidavits purportedly from "experts".

Federal Rule of Civil Procedure 26(a)(2) states in pertinent part:

**Disclosure of Expert Testimony.**

> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony...be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions;...the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> (C) These disclosures shall be made at the times and in the sequence directed by the court.

This Court's initial scheduling memorandum states that, "Plaintiff shall make its expert witness disclosures as required by F.R.Civ.P.26(a)(2) by January 14, 2005."

Although the pretrial order has been extended to grant additional time, the plaintiff has never complied with the requirements for expert witness disclosure. The Plaintiff did not seek leave of court or other relief to permit it to supplement the expert disclosure previously made or to otherwise amend the controlling scheduling order.

On or about January 14, 2005, the defendant served Interrogatories upon the plaintiff. In Interrogatory number 4, NLC requested that the plaintiff respond to what experts, if any, it would call to testify at trial.

On or about July 30, 2005, approximately six months later, the plaintiff served its Answers to Interrogatories upon defense counsel.

The plaintiff never identified Richard Aube as an expert. The plaintiff has not provided the defendant with any expert reports or curriculum vitae for Richard Aube. The plaintiff has not submitted sufficient evidence to demonstrate that Mr. Aube has any experience in interpreting insurance policies. The plaintiff has not identified any court cases where Mr. Aube has testified as an expert on interpreting insurance policies. The plaintiff has not provided the defendant with any certifications or credentials for Mr. Aube as it relates to interpreting insurance policies.

The Plaintiff is in violation of F.R.Civ.P. 26(a)(2) as requested by the Honorable Justice Lisi's pretrial order entered in the above-entitled matter. Federal Rule of Civil Procedure 37(c)(1) deals with Failure to Disclose; False or Misleading Disclosure; Refusal to Admit and state in pertinent portion as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions…

The appropriate sanction in this matter is for this Court to strike Aube's affidavit in opposition to a Motion for Summary Judgment which was not timely filed. Thibeault v. Square D. Company, 960 F.2d 239 (1st Cir. 1992) (judge acted appropriately in precluding the plaintiff from amending its expert opinion in opposition to a Motion for Summary Judgment). See, also, Minnkota Power Co-op., Inc. v. Manitowac Company, 669 F.2d 525 (8th Cir. 1982) (affirming exclusion of proposed testimony of defendant's expert where defendant did not supplement its answers to include the expert until several months after the discovery deadline); Smith v. Ford Motor Company, 626 F.2d 784 (10th Cir. 1980) (error to permit plaintiff's expert to testify, where the subject matter of his testimony was not specified in the pre-trial order, plaintiff failed to supplement his answers to include any information about the expert and defendant was prejudiced).

## II. Conclusion

In accordance with Federal Rules of Civil Procedure, the Defendant respectfully requests that the Plaintiff be precluded from introducing Richard Aube as an expert at the trial of this case. Furthermore, the Defendant respectfully submits that those portions of Mr. Aube's Affidavit where he renders expert opinion be stricken.

Defendant, NLC
By its attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to **Steven Orabone,** Esquire, 20 Ridgevale Court, Cranston, RI 02921 on the 13 day of March, 2006.

Dana Palangio