**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EAGLE'S NEST CONDOMINIUM ASSOCIATION, INC., A/K/A EAGLE NEST CONDOMINIUM ASSOC.**

**V.** **C.A.NO: 04-436ML**

**NEW LONDON COUNTY MUTUAL INSURANCE COMPANY, NLC INSURANCE COMPANIES, INC., DOES I THROUGH V AND NLC INSURANCE COMPANIES, ALIAS JOHN DOE COMPANY**

**DEFENDANTS' RESPONSE TO PLAINTIFF'S CONCISE STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL FACTS AND DEFENDANTS' ADDITIONAL STATEMENT OF UNDISPUTED FACTS**

The Defendant, New London County Mutual Insurance Company (hereinafter "NLC") responds to the Plaintiff's concise statement of facts as follows:

3. The Defendant, NLC, has insufficient knowledge to respond to this fact.

7. The Defendant, NLC, has insufficient knowledge to respond to this fact.

10. The Defendant, NLC, has insufficient knowledge to respond to this fact.

16. The Defendant, NLC, has insufficient knowledge to respond to this fact.

17. The Defendant, NLC, has insufficient knowledge to respond to this fact.

18. The Defendant, NLC, has insufficient knowledge to respond to this fact.

19. The Defendant, NLC, has insufficient knowledge to respond to this fact, but disputes that Mr. Aube can render an opinion on the interpretation of the policy.

25. It is admitted that Mr. Grandpre verbally indicated that he would concur with Eagle's Nest's engineer. He concurred with the then opinion within Hardpine's report that the trusses he observed were improperly made and installed.

26. Disputed. According to the documents produced by the plaintiff relative to inspections, approximately 96 units had acceptable deflection readings. With respect to comparable units that have deflection readings within acceptable readings, the plaintiff's expert stated, "based on the most recent measurements taken in the above-referenced unit, there is currently no need to perform any structural modifications to the floor

system. Although we cannot guarantee the floor system in this particular unit, will continue to operate satisfactorily, the relatively small amount of deflection recently measured indicates that the floor system is working well showing no signs of needing any structural repairs in the short term future. Due to the fact that there are 48 separate buildings, and six different styles built over a series of years, one cannot infer that the same trusses and methods of construction were used in all buildings.

27. Admitted with the qualification that approximately 16 units were repaired prior to NLC ever receiving notice of this claim. Approximately 4 units were repaired during the NLC policy period after it received notice of this claim.

29. Admitted except that Eagle's Nest did not produce the documents requested in counsel's letter for 11 months, which included Mrs. Zeller's letter indicating that the problem had been going on for a number of years.

32. Without knowledge as Mr. Bogle had testified that he visited the premises in June.

37. Disputed. This is a matter that calls for expert opinion and the plaintiff has not produced sufficient, competent expert evidence on this issue.

38. Disputed. This is a matter that calls for expert opinion and the plaintiff has not produced sufficient, competent expert evidence on this issue.

39. Disputed. This is a matter that calls for expert opinion and the plaintiff has not produced sufficient, competent expert evidence on this issue.

40. Disputed. This is a matter that calls for expert opinion and the plaintiff has not produced sufficient, competent expert evidence on this issue.

41. Disputed. This is a matter that calls for expert opinion and the plaintiff has not produced sufficient, competent expert evidence on this issue.

42. Disputed. This is a matter that calls for expert opinion and the plaintiff has not produced sufficient, competent expert evidence on this issue.

43. Disputed. This is a matter that calls for expert opinion and the plaintiff has not produced sufficient, competent expert evidence on this issue.

46. The Defendant has insufficient knowledge to respond to this fact.

47. The Defendant has insufficient knowledge to respond to this fact.

48. The Defendant has insufficient knowledge to respond to this fact.

49. The Defendant has insufficient knowledge to respond to this fact.

53. The Defendant has insufficient knowledge to respond to this fact.

54. The Defendant has insufficient knowledge to respond to this fact.

55. The Defendant has insufficient knowledge to respond to this fact.

56. The Defendant has insufficient knowledge to respond to this fact.

57. The Defendant has insufficient knowledge to respond to this fact.

59. Disputed. Mrs. Zeller's correspondence prepared prior to litigation specifically states, "my living and dining room floors have been sinking for over a decade…every time I hear a loud cracking noise, I break out in a cold sweat. My first concern of course is the correction of the structural stress before we have a catastrophe".

60. Disputed.

61. Denied.

**DEFENDANT'S ADDITIONAL STATEMENT OF UNDISPUTED FACTS**

The Defendant, NLC further adds to its concise statement of undisputed facts the following:

48. No ceiling has ever fallen down at the complex.

49. No one at the complex vacated their premises except when repairs were being performed.

Defendant, NLC
By its attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that I hand delivered a true copy of the within to **Steven Orabone,** Esquire, 20 Ridgevale Court, Cranston, RI 02921 on the 17 day of March, 2006.

Dana Palangio