**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EAGLE'S NEST CONDOMINIUM**
**ASSOCIATION, INC., A/K/A**
**EAGLE NEST CONDOMINIUM ASSOC.**

**V.** **C.A.NO: 04-436ML**

**NEW LONDON COUNTY MUTUAL**
**INSURANCE COMPANY, NLC INSURANCE**
**COMPANIES, INC., DOES I THROUGH V**
**AND NLC INSURANCE COMPANIES,**
**ALIAS JOHN DOE COMPANY**

**DEFENDANT'S MOTION TO EXCLUDE THE PLAINTIFF FROM IDENTIFYING NEW EXPERTS AND USING NEW COMPUTER MODELING FORMULAS AND SANCTIONS**

The Defendant, New London County Mutual Insurance Company (hereinafter "NLC") respectfully requests that this Court preclude the plaintiff from identifying new experts, a new analysis and new computer program, which have not been previously disclosed. The Defendant further requests any other such sanctions, including dismissal, as this Court deems appropriate.

As further grounds, the defendant relies on its memorandum of law attached hereto.

Defendant,
NLC Insurance Company
By its attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to **Steven Orabone,** Esquire, 20 Ridgevale Court, Cranston, RI 02921 on the 6 day of June, 2006.

Dana Palangio

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EAGLE'S NEST CONDOMINIUM**
**ASSOCIATION, INC., A/K/A**
**EAGLE NEST CONDOMINIUM ASSOC.**

**V.** **C.A.NO: 04-436ML**

**NEW LONDON COUNTY MUTUAL**
**INSURANCE COMPANY, NLC INSURANCE**
**COMPANIES, INC., DOES I THROUGH V**
**AND NLC INSURANCE COMPANIES,**
**ALIAS JOHN DOE COMPANY**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE THE PLAINTIFF FROM IDENTIFYING NEW EXPERTS AND USING NEW COMPUTER MODELING FORMULAS AND SANCTIONS**

Background

On January 31, 2006, the Defendant, New London County Mutual Insurance Company (hereinafter "NLC"), filed a motion for summary judgment. On February 28, 2006, defense counsel received plaintiff's opposition memorandum along with affidavits purportedly from "experts". On or about March 10, 2006, the Defendant moved to strike Steven Bogle, the Plaintiff's engineering expert, on two grounds. First, the Plaintiff's failure to timely comply with expert witness disclosure as required by F.R.Civ.P. 26(a)(2). The Defendant further moved to strike Mr. Bogle's affidavit as it did not satisfy the "Daubert" requirement for reliability. In their opposition memorandum, the Plaintiff attempted to cure their "Daubert" problem by asserting why their expert analysis and computer modeling program were reliable.

On April 10, 2006, the Court heard the Defendant's motion to strike the Plaintiff's affidavits, and the Plaintiff's motion to stay and permit a filing of a Rule 26 statement out of time, and/or to permit further discovery. At the hearing, the Court did not address the "Daubert" issues, but rather focused on the Plaintiff's failure to comply with this Court's orders and discovery deadlines. The Court expressed concern about the Plaintiff's failure to comply with the disclosure requirements and the Court's deadlines. The Court considered various sanctions to impose upon the Plaintiff. Exhibiting extreme generosity and patience, the Court and defense counsel, permitted the Plaintiff further time to comply with the disclosure requirements. The Defendant was permitted to take the depositions of the Plaintiff's experts, and the Plaintiff was to bear the associated costs. The purpose of the order was not to permit the Plaintiff to rectify the deficiencies in its analysis, or shortcomings in its computer modeling. Likewise, the order was not to permit the Plaintiff to find another expert.

At the conclusion of the hearing, it was determined that the Plaintiff would provide the Defendant with dates on which to conduct the depositions of its experts. It was assumed that the Plaintiff would comply with the Rules of Civil Procedure and provide the required reports.

As of June 5, 2006, the Plaintiff has not produced any expert reports. After not hearing from the Plaintiff, defense counsel wrote a letter asking for dates to conduct the depositions.

On May 22, 2006, the Plaintiff forwarded the enclosed email attachments. Shortly thereafter, counsel conferred and determined that the date for Mr. Bogle's

deposition was acceptable, but Mr. Aiman Alawa was not. During this conversation, defense counsel learned, for the first time, that the plaintiff intended to have Mr. Alawa do a new analysis and that Mr. Alawa intended to use a new computer program, which was "better" than the other program. When Plaintiff's counsel was asked, "what about the depositions of the people who did the previous analysis", Plaintiff's counsel indicated that he was not going to use "that analysis", and that the new analysis and computer program was purportedly "better".[1]

A review of the Plaintiff's expert answers to interrogatories shows that Mr. Alawa is not identified. Further, Mr. Alawa is not referenced in any of the numerous affidavits filed by the Plaintiff in this matter.

The Plaintiff compounds the prejudice by not producing any reports. The Plaintiff currently intends to do the deposition of Mr. Alawa on either July 6 or 7. At this point in time, the Defendant does not know what Mr. Alawa's opinions are, does not know what type of computer program he is using, and does not know what his analysis is.

Without any of the aforementioned information, it is unduly prejudicial to expect defense counsel, on short notice, to consult with an expert and conduct an effective deposition of Mr. Alawa.

Additionally, it was learned during this recent conversation with Plaintiff's counsel that they have also discovered "blueprints and diagrams" which had never been

---

[1] It should be noted that the Defendant attempted to take Mr. Alawa's deposition in September of 2005, but was advised that he was no longer working for the company which the Plaintiff had retained, Hardpine, and that they did not know his whereabouts. The Court will also recall at the hearing of April 10, 2006, the Plaintiff again indicated that they did not know where Mr. Alawa was located.

previously produced. The problem has been pending for numerous years and the litigation has been outstanding for more than two years.

Conclusion

It is apparent that the Plaintiff fails to take its discovery obligations seriously. The Defendant respectfully requests that Mr. Alawa be precluded from testifying as an expert in this matter, that the Plaintiff be precluded from using new analyses and computer programs which have not previously been disclosed, and any other such sanctions, including dismissal, as this Court deems appropriate.

Defendant,
NLC Insurance Company
By its attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

# CERTIFICATION

I hereby certify that I mailed a true copy of the within to **Steven Orabone,** Esquire, 20 Ridgevale Court, Cranston, RI 02921 on the 6 day of June, 2006.

Dana Palangio

STEVEN H. ORABONE
*Attorney at Law*

May 22, 2006

VIA E-MAIL (RLANGLOIS@SMITHBRINK.COM) & FIRST-CLASS MAIL

Ronald Langlois, Esq.
Smith & Brink, P.C.
One State Street
Suite 400
Providence, RI 02908

Dear Ron,

SUBJECT: EAGLE'S NEST VS. NLC/INSPECTION & DEPOSITIONS

Eagle's Nest is scheduled to begin floor truss repairs on one of the duplex units (I believe it is in building 16) on June 5, 2006.

I intend to have my expert witnesses inspect the trusses when they are exposed. I believe they will first be exposed on the afternoon of June 5, 2006. Please note that in the repair process the trusses remain exposed for only a brief time before the contractor begins applying the plywood to them.

Please let me know if you wish to have your expert witness inspect theses trusses when they are exposed.

With regard to depositions, I would like to try to schedule a deposition of Aiman Alawa (formerly of HardPine) on Saturday, July 8, 2006 in the morning; and I'd like to try to schedule Steven Bogle for Friday, June 30, 2006 in the morning as well. Please let me know if these dates work for you. Thanks.

Sincerely yours,

Steven H. Orabone

Cc: Roberta McMahon

20 RIDGEVALE COURT • CRANSTON, RI 02921
PHONE (401) 944-5777 • FAX (401) 942-1936