**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EAGLE'S NEST CONDOMINIUM**
**ASSOCIATION, INC., A/K/A**
**EAGLE NEST CONDOMINIUM ASSOC.**

**V.** **C.A.NO: 04-436ML**

**NEW LONDON COUNTY MUTUAL**
**INSURANCE COMPANY, NLC INSURANCE**
**COMPANIES, INC., DOES I THROUGH V**
**AND NLC INSURANCE COMPANIES,**
**ALIAS JOHN DOE COMPANY**

**DEFENDANT'S MOTION TO PRECLUDE THE PLAINTIFF FROM INTRODUCING EVIDENCE**

Now comes the Defendant, New London County Mutual Insurance Company and NLC Insurance Companies, Inc. (hereinafter "NLC") and hereby request that this Honorable Court preclude the Plaintiff from introducing any evidence of damages for units not referenced in the discovery which has been produced as of this date.

The Defendant further relies on its memorandum of law appended hereto.

Respectfully submitted,
Defendant, "NLC"
By its attorneys,

Ronald Langlois, # 2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

To: Steven Orabone, Esq.
20 Ridgevale Court
Cranston, RI 02921

I hereby certify that I hand delivered a true copy of the within to the above listed attorney(s) on the 27 day of June, 2006.

Dana Palangio

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EAGLE'S NEST CONDOMINIUM ASSOCIATION, INC., A/K/A EAGLE NEST CONDOMINIUM ASSOC.**

**V.** **C.A.NO: 04-436ML**

**NEW LONDON COUNTY MUTUAL INSURANCE COMPANY, NLC INSURANCE COMPANIES, INC., DOES I THROUGH V AND NLC INSURANCE COMPANIES, ALIAS JOHN DOE COMPANY**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO PRECLUDE THE PLAINTIFF FROM INTRODUCING EVIDENCE**

On January 14, 2005, following the Court's mandatory conference, NLC served Eagle's Nest interrogatories and request for production of documents. Eagle's Nest responded to the discovery requests on or about August 1, 2005, thirty-seven months after the loss occurred. The plaintiff provided the following response to Interrogatory 17:

17. For each unit you claim had defective trusses, please identify:

a. the unit number;
b. the unit owner;
c. the date the owner purchased the unit;
d. the date the problem was reported;
e. who determined the problem;
f. how the problem was determined;
g. what the problem was;
h. all repairs performed;
i. who performed the repair work;
j. the cost.

*Plaintiff objects to answering this interrogatory as posed. Plaintiff has not kept a separate record that summarizes the requested information. Said information is irrelevant, and the question is not reasonably calculated to lead to the discovery of admissible evidence. What is more, it would be unduly burdensome, unduly expensive, and unduly oppressive to require Eagle's Nest Condominium Association, Inc. to attempt to answer this interrogatory as posed. Plaintiff could attempt to answer this*

*interrogatory by reviewing the documents Plaintiffs produced in response to Defendant's production request. Defendant's however, are equally capable of doing so. Since it is Defendant's that seek such information, it should be Defendant's burden to do so. Without waiving this objection, Plaintiff incorporates as its answer to this interrogatory the various documents Plaintiffs have produced in response to Defendant's production requests. Plaintiff answers, further, that in approximately August of 2002, Steven Bogle orally informed the board of the problems with the trusses. Mr. Bogle followed this up in November 2002 with a written report of the truss problems. As further answer to this interrogatory, see Plaintiff's answer to interrogatory 4, which is incorporated by reference.*

Relatedly, Defendant, in its request for production of documents, in essence, asked for all documents evidencing damages and repairs in any units that purportedly had problems with trusses.

On information and belief, the plaintiff may have had other units repaired since the commencement of this litigation which the defendant was not notified about. Likewise, the Plaintiff has not provided the Defendant with any documents relative to the repairs, defects and damages in these units.

The defendant respectfully requests that with respect to those units, the Plaintiff not be permitted to introduce evidence of damages or defects.[1]

Respectfully submitted,
Defendant, "NLC"
By its attorneys,

Ronald Langlois, # 2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

[1] The Defendant uses the term "on information and belief" because the plaintiff has not identified what units have been repaired, nor have they provided any documents relative to such units. The Plaintiff has orally represented to the defense counsel that there have been additional units which have been repaired.

**CERTIFICATION**

To: Steven Orabone, Esq.
20 Ridgevale Court
Cranston, RI 02921

I hereby certify that I hand delivered a true copy of the within to the above listed attorney(s) on the 27 day of June, 2006.

Dona Palangio