UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EAGLE'S NEST CONDOMINIUM ASSOC., INC. | : | |
| v. | : | C.A. No. 04-436ML |
| NEW LONDON COUNTY MUTUAL INSURANCE COMPANY, et. al. | : | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant New London County Mutual Insurance Company's ("NLC") Motion to Preclude the Plaintiff from Introducing Evidence. (Document No. 71). Plaintiff filed an Objection to the Motion. The Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72. A hearing was held on September 5, 2006. After reviewing the Memoranda submitted, listening to the parties' arguments and conducting independent research, NLC's Motion (Document No. 71) is DENIED.

This Motion concerns Plaintiff's responses to NLC's discovery requests. Specifically, NLC contends that Plaintiff submitted an insufficient response to Interrogatory Number 17, which requested an itemization of the damages for each condominium unit that Plaintiff claims was damaged. NLC argues that Plaintiff never completely responded to this request and should therefore be precluded from introducing evidence of damages to units for which it did not fully respond.

After NLC filed this Motion, Plaintiff supplemented its answer to Interrogatory Number 17. As a result, NLC argues that the supplemental response is untimely, and in the alternative, NLC seeks additional time to conduct discovery regarding the supplemental response. At the hearing, Plaintiff represented that its position has been that each of the condominium units had defective

trusses and every unit would eventually require repair. Plaintiff noted that the repair of the units is an ongoing process, therefore complete information was not available at the time that the discovery responses were submitted to NLC. Nevertheless, Plaintiff stated that it has now provided up-to-date information with respect to every unit that has been repaired.

After considering the posture of the case and the parties' ongoing discovery, the Court finds that the supplemental response submitted by Plaintiff is a timely supplementation under Fed. R. Civ. P. 26(e), but that Defendant should be afforded a period of time to conduct any discovery which directly flows from those responses. Accordingly, NLC's Motion (Document No. 71) is DENIED, but Defendant is granted forty-five (45) days to conduct discovery directly flowing from Plaintiff's supplemental damages responses.

So ordered.

ENTER:

LINCOLN D. ALMOND
United States Magistrate Judge
September 6, 2006

BY ORDER:

Deputy Clerk