UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EAGLE'S NEST CONDOMINIUM ASSOC., INC. | : | |
| v. | : | C.A. No. 04-436ML |
| NEW LONDON COUNTY MUTUAL INSURANCE COMPANY, et. al. | : | |

**MEMORANDUM AND ORDER**

Before the Court are Defendant New London County Mutual Insurance Company's ("NLC") Motion to Exclude Plaintiff from Identifying New Experts and Using New Computer Modeling Formulas and Sanctions (Document No. 64), and Plaintiff's Conditional Request for Instructions on Scope of Plaintiff's Supplemental Discovery Responses Allowed Under Court's Prior Order. (Document No. 68). The Motions have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72. A hearing was held on September 5, 2006. After reviewing the Memoranda submitted, listening to the parties' arguments and conducting independent research, both Motions (Documents No. 64 and 68) are DENIED.

Discovery closed in this matter on December 30, 2005. On January 31, 2006, NLC filed its Motion for Summary Judgment. Plaintiff filed an Opposition to NLC's Motion on February 28, 2006. Along with its Opposition to the Motion for Summary Judgment, Plaintiff submitted two Affidavits to which Defendant objected. District Judge Mary M. Lisi held a hearing regarding the disputed Affidavits on April 10, 2006. Judge Lisi heard arguments from the parties and then permitted the parties to confer which resulted in an agreement extending certain discovery deadlines and provided that Plaintiff would bear the costs of certain portions of the discovery. A Proposed

Order was presented by the parties and Judge Lisi signed that Order on April 20, 2006. See Document No. 63. That Order provides that "Defendant, NLC, is allowed ninety (90) days or up to and including July 10, 2006 to complete expert discovery, and Plaintiff shall have up to and including July 10, 2006 to supplement its discovery responses." Id. at ¶ 2. It also states, "Plaintiff, Eagle's Nest, has thirty (30) days thereafter, or up to and including August 9, 2006, to disclose its experts." Id. ¶ 3.

Both Motions filed by the parties seek the Court's intervention in the parties' ongoing discovery. Although the Court recognizes that there are several different aspects to the requests made by both parties, the parties are basically arguing over the timing of expert disclosures made by Plaintiff. NLC is essentially seeking to bar Plaintiff from identifying a "new" expert and new methods of expert analysis. Plaintiff denies that its experts or its fundamental methodology have materially changed. Having reviewed the agreed Order which resulted from the April hearing, this Court finds that the Order speaks for itself and requires no interpreting "instructions" as requested by Plaintiff. In discussing the proposed resolution before Judge Lisi, Defendant's counsel indicated a need to take "the depositions of Mr. Bogle and the appropriate representatives of Hardpine." Transcript of April 10, 2006 Hearing, p. 25. He also noted that Plaintiff's counsel "had agreed to provide [him] with all the underlying data relative to the computer analysis, what model number was used, what calculations were used to put into it." Id., pp. 25-26. Finally, he indicated that "if Mr. Alawa has to testify, can they locate this individual," and Plaintiff's counsel responded, "I'll do my

best. I haven't located him so far." Id., p. 26. Thus, it is hard to see how any of Plaintiff's disclosures could now come as a surprise to Defendant.[1]

The Order is broadly worded and, by its plain terms, Plaintiff was allowed up to August 9, 2006 to identify its experts and until July 10, 2006 to supplement its discovery responses. The Order gave Defendant additional time to complete expert discovery and to file supplemental summary judgment motions. Defendant's Motion (Document No. 64) is therefore DENIED on the basis of the plain language of the April 20, 2006 Court Order. Plaintiff's Conditional Request (Document No. 68) is also DENIED on the same basis.

So ordered.

ENTER:

LINCOLN D. ALMOND
United States Magistrate Judge
September 6, 2006

BY ORDER:

Deputy Clerk

[1] Defendant argues that preclusion is warranted under Thibeault v. Square D Co., 960 F.2d 239 (1st Cir. 1992). However, the Square D case is distinguishable as it involved a "pattern of misbehavior" on counsel's part, an introduction of new expert testimony on the eve of trial, and no good cause for counsel's eleventh-hour disclosures. Although Plaintiff's preparation of this case is not a model of organization or efficiency, there is no indication that Plaintiff's counsel is willfully engaging in a game of cat and mouse to the prejudice of Defendant. Defendant is in the process of deposing Plaintiff's experts (at Plaintiff's expense) and apparently has received full disclosure of the data underlying their opinions. Finally, Defendant will have an opportunity to supplement its pending summary judgment motion.